

714 S.W. Jackson St., Suite 300
Topeka, KS 66603

**KANSAS**
Department of Corrections

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary

Laura Kelly, Governor

December 15, 2023

Sean McDonald 113183
Larned State Correctional Facility
1318 KS Hwy 264
Larned, Kansas 67550

Dear Ms. McDonald,

This correspondence is being sent in response to your letter containing an informal grievance received by the Governor's office on December 11, 2023, and forwarded to the Secretary of Corrections for response.

In your letter addressed to Chief Counsel Britton and Governor Laura Kelly, you ask for 1. a transfer to Norton, 2. that Officer Dimarzo be terminated, and 3. for your personal injury claim in the amount of $500,000 to be granted.

1. Regarding your request to transfer to Norton Correctional Facility - Transfers are initiated at the facility. If you wish to request a transfer, you need to discuss this with your Unit Team counselor.
2. Regarding your request that Officer Dimarzo be terminated - I see that you initiated a grievance (IA-00348) with regards to allegations that Officer Dimarzo failed to help you when you were in crisis. I see that you received a response from the Warden indicating that this matter was being turned over to EAI for investigation. If you are not satisfied with this response, please follow the grievance procedures outlined in Article 15 of the Inmate Rule Book. The next step if you are not satisfied with the Warden's response would be to appeal the matter to the Secretary of Corrections.
3. Regarding your request that your personal injury claim be granted – I am unable to determine if you submitted a personal injury claim. No property or personal injury requests will be considered outside of this process. If you wish to make a personal injury claim, please utilize the personal injury claim form in IMPP 1-118. If you have already filed a claim, please be patient while it is being investigated.

Sincerely,

*Libby T. Keogh*

Libby T. Keogh
Corrections Manager II

cc:   Warden Easley w/attachments
Image: SOCRESP w/attachments

Dear Chief Counsel Britton & Governor Laura Kelly,                          11-24-2023
I am writing this letter to you about a situation that happened
at the Lansed State Correctional Facility. On 10-31-2023 Please read the
enclosed documents I was denied mental health help by an
officer by the name of G. Dimarzo I am bringing an
Eighth Amendment Claim against this officer I would like
a transfer to NCF as I don't feel safe at LsCF since I am
currently filling paper work against an officer. Please read the
enclosed documents and get me away from LsCF Thank you
for your time and Consideration in this matter.

respectfully,

Sean McDonald

KDOC

RECEIVED

DEC 11 2023

GOVERNOR'S OFFICE

APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

Inmate Name: _Sean M⁰Donald_          Facility: _Larned State Correctional Facility_

Inmate Number: _113163_          Grievance Serial No.: _IA - 003348_

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:    Kansas Department of Corrections          Date Mailed: _11-24-2123_
            714 SW Jackson
            Suite 300
            Topeka, KS 66603

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.)

See Attached

_Sean E. McDonald_
Signature of Inmate

---

DECISION BY SECRETARY OF CORRECTIONS (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____          Date Sent to Inmate: _____

Finding of Fact:


Conclusions Made:


Action Taken:




_____
Signature of Secretary of Corrections

---

**For D.O.C. Staff Use Only**

Type of Response (Item 6b:  Code          01, 02, 08 or 09) _____

DC 090, Effective May 1, 1988

①

11-24-2023

Dear Secretary Zmuda,

I believe the warden should terminate off. Dimarzo
I also believe you should grant my personal injury claim
col Dimarzo failed to get me help when I was in a mental
Health crisis I reached out to him 4 different times mental
Health staff and nursing staff both have told me to reach
out before I self harmed I did as they asked and reached
out but off. Dimarzo took it upon his self to deny
me any help so a code was called at 12:17 P.m. as I
had cut both wrist I told the above named officer
that I was in a crisis state and he refused to get
medical Attention when I reached the clinic the nurse asked
why she didn't get called I complained to nurse burger
that I had asked officer Dimarzo 4 times for help. The
steps I believe the secretary of Corrections should
take is as follows.

① Terminate officer Dimarzo

② Transfer me to NCF

③ Grant my personal injury claim for #510,000.00

I believe their should be an investigation into what
happened that night because I could have very easily
lost my life that night and it all could have been
avoided had the above named officer had did his
Job I plan to bring suit against officer Dimarzo and
the department for negligence and deliberate indifference
to a serious medical need in Brownlee v Corby it states
and I quote "I'm bringing a 1983 claim for deliberate indiffere
to his medical needs, the Plaintiff as a convicted person has
his rights protected under the Eighth Amendment, In order
for an inmate to allege a claim for violation of the
Eighth Amendment based on inadequate medical care, the
inmate must establish "deliberate indifference to serious
medical needs". The delicate indifference test has two components
⑨ "an objective component requiring that the Pain or deprivation
be sufficiently serious", and ② a subjective component requiring
that the Pain or deprivation be sufficiently serious," and A

medical need is sufficiently serious "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctors attention. The objective component must be evaluated by the actual harm suffered, not by symptoms experienced by the defendant. The subjective component is met if a prison official "knows of and disregards an excessive risk to inmate health or safety. One type of deliberate indifference claim involving prison medical care is "Preventing an inmate from receiving medical treatment or denying access to medical personnel capable of evaluating the inmates condition." In the Tenth circuit, "A delay in medical care only constitutes an Eighth Amendment violation where the Plantiff can show that the delay resulted in substantial harm," which may be satisfied by "lifelong handicap, permanent loss, or considerd pain. The court has held that ignoring a prisoners complaint of injury and excruciating pain while waiting two hours befo providing access to medical care may allege a viable claim of a guards deliberate indifference in delaying medical treatment. I feel it is an Eighth Amendment violation I was in a crisis state from the time he arrived on shift at 10 pm till the code was called at 12:17 pm which is two hours and 17 minutes I tried to get help I am prepared to take this to court and to request a jury trial and damages in excess of the requested amount on the property claim. I am a special needs mental health patient I have had several crisis level placements I submit my mental health records as evidence and I have two inmate witnesses and nurse burger to tell the events of the night 10-31-2023 I hope to hear back from you soon.

Sean McDonald

## LARNED STATE CORRECTIONAL FACILITY

### PRINCIPAL ADMINISTRATOR'S RESPONSE TO GRIEVANCE

Grievance #:        IA-003348

Inmate Name:        McDonald, Sean

KDOC #:             113183

Date Received by Principal Administrator:        November 16, 2023

Date of Final Answer:        November 17, 2023


**Findings of Fact:** In your grievance you state you were in a mental health crisis, and the officer, COI DeMarzo, did not react to your requests to contact nursing. You state as your resolution, you want COI DeMarzo to be terminated.

**Conclusions Made:** This grievance was received and due to the nature of some of your allegation, this grievance has been turned over to Enforcement, Apprehensions and Investigations (EAI) for them to review.  You will not made aware of any staff recommendations resulting from their investigation. This grievance will be closed to allow this discussion to take place.

**Action Taken:** No further action is necessary at this time.

Continue to work with and your Case Manager to resolve issues at the lowest level possible, following the grievance procedure.

Pursuant to K.A.R. 44-15-102, you may appeal the grievance response by submitting the appropriate form to the secretary of corrections.

_Signature of Principal Administrator_

# KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

## INMATE COMPLAINT

Inmate's Name Sean McDonald                    Number 113183

Facility Larned State Correctional  Housing Unit F1-123   Work Detail Layin
Facility

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member). On 10-31-2023, I was in room F1-123 on the above date I was having mental Health issues and I reached out to Officer G. Dimarzo who was working the Unit. I told him I needed him to call the nurse that I needed to talk to her he said No to fill out a sick call" and he walked off on me." I reached out again asking him was he going to call the nurse or not" he said I alredy told jail No. I told him I was in mental Health crisis and needed to see the nurse he told me he wasnt calling the nurse so at 12:17 A.M, a code was called to cell F1-123 where the inmate Sean McDonald #113183 was

Date this report was given to Unit Team for informal resolution (to be completed by inmate). _____

## UNIT TEAM RESPONSE (Complete and return to inmate within 10 calendar days.)

See attached

                                     _____    11/15/23
                                     Unit Team Signature          Date

## INMATE RESPONSE (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

   ✓   I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). _____

_____                              11-15-2023
Inmate Signature                                     Date

## WARDEN RESPONSE (Complete, attach response and return within 10 Working days.)

Date Received 11-16-23   Date of Final Answer 11-17-23   Date Returned to Inmate 11-22-23

Sean McD 113183    11-22-23        _____      11-22-23
Inmate's Signature         Date    Unit Team Signature   Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

## TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number                   IA-003348

Type of Complaint (Item 4: Code 01-75)    54

Cause of Complaint (Item 5: Code 01-30)   01

Type of Response (Item 6a: Code 01,02,08 or 09)  02

①

seated on the bottom bunk with razor in hand
bleeding from both wrists officer G. Dimarzo pulled
his mace out preparing to spray me I threw the
razor blade as instructed I will be requesting
copies of all pictures taken of this incident, copy of the
incident report written by officer G. Dimarzo I am attaching
witness statements inmate S. Hatfield I even asked the
Porters to try and talk to officer G. Dimarzo this can all
be viewed on Canvas I will be requesting Canvas footage.
I am suing officer Dimarzo in his official and individual
capacity for deliberate indifference and denying a
serious medical need I am a special needs mental
Health Patient ofc. G. Dimarzo purposely and willfully
didn't get me any help and knew I was in a
crisis state I slit my wrist and was transported to
the clinic this conduct by officer Dimarzo is a Eighth
Amendment violation Davis V. Stotts when prison officials
have prevented an inmate from recieing serious
recommended treatment or when an inmate is denied access to
medical personel capable of evaluating the need for treatment. I
also will be putting in an personal injury claim. I will
be asking for damages and a transfer to NCF.
I will be also looking at negligence claims
on the part of officer Dimarzo I reached out
4 different times myself and sent others to
try and get help for me because I was in
a mental Health crisis state but officer

Dimorzo didn't care about my Mental Health or by not doing anything. I feel the action the warden should take is to terminate officer Dimarzo I have witness statements attached.

Sean E. McDonald #113183

I Jordan Hatfield #0125718 came out shortly after 10 P.M. for work, when McDonald asked me to tell the Corrections Officer on shift that McDonald needed to speak with the C/O. The C/O told me "no go away", so I went to work. Later McDonald asked me again around 10:15 - 10:20 p.m. to ask the C/O if he called the nurse and the C/O told me "Mind your business, I'm not answering your questions about another inmate." I went and told McDonald what the C/O said then locked down shortly later.

- Jordan Hatfield

II   Steve Vaughan #0089842
I Was in the Cell With McDonald
Wien McDonald asked the officer to
call the Clinic and asket for some
help for he some mental health
issues and he ask at Least 4 Times
and the officer said no to McDonald
and McDonald then got a razor and then
he cut his wrist then I Steve Vaughan
Pushed the Emergency Putton in cell and
asked for help

Steve Allen Vaughan
#0089842

MEMO TO: McDonald, Sean #113183

MEMO FROM:  Tevye Sturtz, UTM

DATE:      11/14/23

SUBJECT:      Grievance Procedure

This grievance is being returned to you with out a unit team response. Per K.A.R. 44-15-101, inmate grievance procedure, inmates are required to attempt informal resolution to their complaint prior to submitting a grievance form. If an informal resolution cannot be reached, the grievance procedure may be used. Inmates are required to provide documentation of how they attempted resolution (F-9), along with the grievance form.

INMATE REQUEST TO STAFF MEMBER

To: _____                    Date: _____
    (Name and Title of Officer or Department)

_____                        **To be retained by inmate**
    Unit Team, Detail, or Cellhouse Officer's Signature

*Informal Resolution*

**Form 9**                                      McDonald
For Cellhouse Transfer                          _____
Work Assignment _____              Last Name Only
Interview Requests

### KANSAS DEPARTMENT OF CORRECTIONS            113193
                                                _____
                                                     Number

### INMATE REQUEST TO STAFF MEMBER

To: Unit team Pritchett _____ Date: _____
    (Name and Title of Officer or Department)
    State completely but briefly the problem on which you desire assistance. (Be specific.)

On 10-31-2023 I asked Officer Dimarzo to get me help from the nurse that I
was trying not to get on mental health crisis status I asked him 4 different
times and he refused to call the nurse I ended up slitting my wrist. He refused
to allow me medical help which is a violation of my Eighth Amendment rights
to the U.S. Constitution deliberate indifference to a serious medical need.
I also have witnesses Jordan Hatfield and Steven Vaughn.

Work Assignment: Layin _____ Living Unit Assignment: F1-123

Comment: _____ Detail or C.H. Officer: _____

Disposition: _____
_____
_____
_____

To: McDonald 113183 _____ Date: 11-15-23
    (Name & Number)

Disposition: Thank you for this information. I will pass this along to the appropriate
supervisors for their review
_____
_____

_____
    Employee's Signature                        **To be returned to inmate.**

P-0009

Sean Howard #113865
LSCF
1318 KS Highway 264
Larned, KS 67550

Kansas Governors Office
Clay Britton, Chief Legal Counsel
300 S.W. 10th Avenue 2nd Floor
State Capitol  Room 241 - South
Topeka, Kansas 66612



Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

714 S.W. Jackson St., Suite 300
Topeka, KS 66603

**Kansas**
Department of Corrections

Jeff Zmuda, Secretary

Laura Kelly, Governor

December 19, 2023

TO:   0113183 McDonald, Sean

Larned State Correctional Facility

RE:   Invalid Grievance

I received your correspondence that included a numbered grievance IA003348.

KAR 44-15-101 (a)(d)(2) The grievance procedure shall not be used in any way as a substitute for, or as part of, the inmate disciplinary procedure, the classification decision making process, the property loss or personal injury claims procedure, or the procedure for censorship of publications specified in the secretary's internal management policy and procedure.

Your complaint is clearly about the property loss or personal injury claims procedure.  KAR 44-15-101 (a)(d)(2) prohibits use of the grievance procedure to address this concern.

The allegation regarding the officer not calling the nurse or mental health staff is a personnel issue that will be investigated. You will not be made aware of the outcome of the investigation.

Sincerely,

Darcie Holthaus CMII
Corrections Manager, Facility Management

cc:   Warden Easley
w/attachments
Image:  SOCRESP
w/attachments

## APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

Inmate Name: _Sean McDonald_     Facility: _Larned State Correctional Facility_

Inmate Number: _113163_     Grievance Serial No.: _IA-003346_

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:     Kansas Department of Corrections     Date Mailed: _11-24-2023_
714 SW Jackson
Suite 300
Topeka, KS  66603

---

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take.  (Use extra paper as needed.)

See Attached

_Sean C. McDonald_
Signature of Inmate

---

**DECISION BY SECRETARY OF CORRECTIONS** (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____     Date Sent to Inmate: _____

Finding of Fact:

Conclusions Made:

Action Taken:

**RECEIVED DEC 1 8 2023**

DOC Facility Management Area

_____
Signature of Secretary of Corrections

---

**For D.O.C. Staff Use Only**

Type of Response (Item 6b:  Code    01, 02, 08 or 09) _____

DC 090, Effective May 1, 1988

①

11-24-2023

Dear Secretary Zmuda,

I believe the warden should terminate off. Dimarzo
I also believe you should grant my Personal Injury Claim
coll Dimarzo failed to get me help when I was in a mental
Health crisis I reached out to him. 4 different times mental
Health staff and nursing staff both have told me to reach
out before I self harmed I did as the asked and reached
out but Ofc Dimarzo took it upon his self to deny
me any help so a code was called at 12:17 P.m. as I
had cut both wrist I told the above named officer
that I was in a crisis state and he refused to get
medical Attention when I reached the clinic the nurse asked
why she didn't get called I complained to nurse burger
that I had asked Officer Dimarzo 4 times for help. The
steps I believe the secretary of Corrections should
take is as follows:

① Terminate officer Dimarzo

② Transfer me to NCF

③ Grant my Personal Injury Claim for #$10,000.00

I believe their should be an investigation into what
happened that night because I could have very easily
lost my life that night and it all could have been
avoided I had the above named officer had did his
job I Plan to bring suit against officer Dimarzo and
the department for negligence and deliberate indifference
to a serious medical need in Brownlee V. Corby it states
and I quote "In bringing a 1983 claim for deliberate indifferce
to his medical needs, the Plaintiff as a convicted Person has
his rights protected under the Eighth Amendment, In order
for an inmate to allege a claim for violation of the
Eighth Amendment based on inadequate medical care, the
inmate must establish "deliberate indifference to serious
medical needs." The deliberate indifference test has two components
① "an objective component requires that the Pain or deprivation
be sufficiently serious," and (2) a subjective component requiring
that the Pain or deprivation be sufficiently serious," and A

# LARNED STATE CORRECTIONAL FACILITY

## PRINCIPAL ADMINISTRATOR'S RESPONSE TO GRIEVANCE

Grievance #:        IA-003348

Inmate Name:        McDonald, Sean

KDOC #:            113183

Date Received by Principal Administrator:        **November 16, 2023**

Date of Final Answer:        **November 17, 2023**

**Findings of Fact:** In your grievance you state you were in a mental health crisis, and the officer, COI DeMarzo, did not react to your requests to contact nursing. You state as your resolution, you want COI DeMarzo to be terminated.

**Conclusions Made:** This grievance was received and due to the nature of some of your allegation, this grievance has been turned over to Enforcement, Apprehensions and Investigations (EAI) for them to review. You will not made aware of any staff recommendations resulting from their investigation. This grievance will be closed to allow this discussion to take place.

**Action Taken:** No further action is necessary at this time.

Continue to work with and your Case Manager to resolve issues at the lowest level possible, following the grievance procedure.

Pursuant to K.A.R. 44-15-102, you may appeal the grievance response by submitting the appropriate form to the secretary of corrections.

*Signature of Principal Administrator*

# KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

## INMATE COMPLAINT

Inmate's Name Sean McDonald    Number 113183

Facility Lansing State Correctional Facility    Housing Unit F1-123    Work Detail Lay in

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member). On 10-31-2023 I was in room F1-123 on the above date I was having mental health issues and I reached out to officer G. Dimarzo who who was working the unit. I told him I needed him to call the nurse that I needed to talk to her he said No to fill out a sick call and he walked off on me. I reached out again asking him was he going to call the nurse or not he said I already told jail No. I told him I was in mental health crisis and needed to see the nurse he told me he wasn't calling the nurse so at 12:17 A.M, a code was called to cell F1-123 where the inmate Sean McDonald #113183 was

Date this report was given to Unit Team for informal resolution (to be completed by inmate). _____

**UNIT TEAM RESPONSE** (Complete and return to inmate within 10 calendar days.)

See attached

_____
Unit Team Signature    11/15/23    Date

**INMATE RESPONSE** (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

__✓__ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). 11-15-2023

_____    _____
Inmate Signature    Date

**WARDEN RESPONSE** (Complete, attach response and return within 10 Working days.)

Date Received 11-16-23    Date of Final Answer 11-17-23    Date Returned to Inmate 11-22-23

Sean McD 113183    11-22-23    _____    11-22-23
Inmate's Signature    Date    Unit Team Signature    Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

## TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number    IA-003348

Type of Complaint (Item 4: Code 01-75)    54

Cause of Complaint (Item 5: Code 01-30)    01

Type of Response (Item 6a: Code 01,02,08 or 09)    02

①

seated on the bottom bunk with razor in hand
bleeding from both wrists officer G. Dimarzo Pulled
his mace out Preparing to spray me I threw the
razor blade as instructed I will be requesting
copies of all Pictures taken of this incident, copy of the
incident report written by officer G. Dimarzo I am attaching
witness statements inmate S. Hatfield I even asked the
Porters to try and talk to officer G. Dimarzo this can all
be viewed on camera I will be requesting camera footage.
I am sueing officer Dimarzo in his official and individual
capacity for deliberate indifference and denying a
serious medical need I am a special needs mental
Health Patient ofc. G. Dimarzo Purposely and willfully
didn't get me any help and knew I was in a
Crisis State I Slit my wrist and was transported to
the Clinic this conduct by officer Dimarzo is a Eighth
Amendment violation Davis V. Stotts when Prison Officials
have Prevented an inmate from recieving serious
recommended treatment or when an inmate is denied access to
medical Personnel capable of evaluating the need for treatment. I
also will be Putting in an Personal injury claim. I will
be asking for damages and a transfer to NCF.
I will be also looking at negligence Claims
on the Part of officer Dimarzo I reached out
4 different times myself and Sent others to
try and get help for me because I was in
a mental Health Crisis State but officer

I Jordan Hatfield #0125718 came out shortly after 10 P.M. for work, when McDonald asked me to tell the Corrections Officer on shift that McDonald needed to speak with the CIO. The CIO told me "no go away", so I went to work. Later McDonald asked me again around 10:15 - 10:20 p.m. to ask the CIO if he called the nurse and the CIO told me "Mind your business, I'm not answering your questions about another inmate." I went and told McDonald what the CIO said then locked down shortly later.

— Jordan Hatfield

I Steve Vaughan #0089842
I Was in the cell with mcDonald
Wien mcDonald asked the officer to
call the clinic and asket for Some
help for he some mental health
issues and he ask at Least 4 Times
and the officer said no to mcDonald
and mcDonald then got a razol and then
he cut his wrist then I Steve Vaughan
pushed the emergency Puton in cell and
asked for help

Steve Allen Vaughan
#0089842

**MEMO TO:  McDonald, Sean #113183**

**MEMO FROM:  Tevye Sturtz, UTM**

**DATE:      11/14/23**

**SUBJECT:      Grievance Procedure** `

This grievance is being returned to you with out a unit team response. Per K.A.R. 44-15-101, inmate grievance procedure, inmates are required to attempt informal resolution to their complaint prior to submitting a grievance form. If an informal resolution cannot be reached, the grievance procedure may be used. Inmates are required to provide documentation of how they attempted resolution (F-9), along with the grievance form.

INMATE REQUEST TO STAFF MEMBER

To: _____
　　　(Name and Title of Officer or Department)

Date: _____

_____
　　Unit Team, Detail, or Cellhouse Officer's Signature

**To be retained by inmate**

*Informal Resolution*

McDonald
**Last Name Only**

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

**KANSAS DEPARTMENT OF CORRECTIONS**

113193
　　Number

**INMATE REQUEST TO STAFF MEMBER**

**To:** Unit team Pritchett
　　　(Name and Title of Officer or Department)

Date: _____

State completely but briefly the problem on which you desire assistance. (Be specific.)

on 10-31-2023 I asked officer Dimarzo to get me help from the nurse that I was trying not to get on mental Health Crisis status I asked him 4 different times and he refused to Call the nurse I ended up slitting my Wrist, he refused to allow me medical Help which is a Violation of my Eighth Amendment rights to the U.S. Constitution deliberate indifference to a serious medical need. I also have witnesses Jordan Hatfield and Steven Vaughn.

Work Assignment: Layin

Living Unit Assignment: F1-123

Comment: _____

Detail or C.H. Officer: _____

Disposition: _____

To: McDonald  113187
　　　(Name & Number)

Date: 11-15-23

Disposition: Thank you for this information. I will pass this along to the appropriate supervisors for their review

_____
Employee's Signature

**To be returned to inmate.**

P-0009