## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SEAN E. MCDONALD,

     **Plaintiff,**

     v.                              **CASE NO.  24-3019-JWL**

TOMMY WILLIAMS, et al.,

     **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").  The Court granted Plaintiff leave to proceed in forma pauperis.  On February 12, 2024, the Court entered a Memorandum and Order (Doc. 4) ("M&O") finding that the proper processing of Plaintiff's Eighth Amendment claim against Defendant Dimarzo could not be achieved without additional information from appropriate KDOC officials.  The Court also directed Plaintiff to show good cause why his claims against Defendant Tommy Williams should not be dismissed.  This matter is before the Court on Plaintiff's response (Doc. 6).

Plaintiff has named the EDCF Warden as a defendant in this case.  Plaintiff claims that Defendant Tommy Williams "is the warden of the facility [he is] currently housed at."  (Doc. 1, at 2.)  The Court noted in the M&O that Plaintiff's claim involves an incident occurring at LSCF, and found that Plaintiff failed to show how the Warden from his current facility was involved in his medical care at LSCF.  The Court found that Plaintiff failed to allege how the Warden personally participated in the deprivation of his constitutional rights.  An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or

inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)).

The Court found that Plaintiff has not alleged that the EDCF Warden was somehow responsible for supervising a correctional officer at LSCF, and such an allegation would be insufficient to state a claim against the warden because mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability).

Plaintiff has filed a response, in which he indicates that he has no objection to the dismissal of his claims against Warden Tommy Williams.  Therefore, the Court dismisses Plaintiff's claims against the Warden.

Plaintiff also asks in his response if he can begin discovery.  However, the Court's M&O provides that "[n]o motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared" and "[d]iscovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint." (Doc. 4, at 10–11.)  Therefore, any request for discovery is premature at this time.

**IT IS THEREFORE ORDERED BY THE COURT** Plaintiff's claims against Warden Tommy Williams are **dismissed.**

**IT IS FURTHER ORDERED** that any request for discovery is **denied** as premature.

**IT IS SO ORDERED**.

**Dated February 26, 2024, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**