IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SEAN E. MCDONALD,

                Plaintiff,

v.                                          Case No. 5:24-cv-03019-HLT-TJJ

TOMMY WILLIAMS, et al.,

                Defendants.

### Answer of Greg DiMarzo

Defendant Greg DiMarzo answers the Complaint as follows:

1. All allegations not specifically admitted herein are denied.

2. Paragraph (A)(1) is admitted to the extent that Plaintiff is an incarcerated individual. Plaintiff is currently housed at the Winfield Correctional Facility, so Defendant DiMarzo denies the allegation plaintiff is housed at El Dorado.

3. Paragraph (A)(2) is admitted.

4. Paragraph (A)(3) is denied as moot; Warden Tommy Williams has been dismissed from this suit as of this Court's Memorandum and Order on February 26, 2024. *Doc*. 7.

5. Paragraph (A)(4) is denied.

6. Paragraph (B)(1) is denied.

7. Paragraphs (C)(1)(A)(1)- (C)(1)(C)(2) are denied.

8. Paragraphs (D)(1)(a)-(f) are denied, Defendant DiMarzo lacks knowledge or information sufficient to admit or deny Paragraphs (D)(1)(a)-(f) and therefore denies the same.

9. Paragraph (D)(1)(1) is denied.

10. Paragraph (D)(2)(1) is denied. Plaintiff cannot seek injunctive and declaratory relief against Defendant DiMarzo for relief available only from the Secretary of the Kansas Department

of Corrections and/or the Warden of the facility in which plaintiff is housed. The remainder of the plaintiff's prayer for relief is also denied.

11. Plaintiff fails to state a claim upon which relief can be granted.

12. Plaintiff failed to exhaust administrative remedies and his claim is barred by the Prison Litigation Reform Act.

13. Defendant DiMarzo is entitled to qualified immunity which bars plaintiff's claims. Defendant DiMarzo did not deny plaintiff medical care and, if any constitutional provision prohibited DiMarzo's conduct, that law was not "clearly established."

14. Plaintiff is not entitled to the claimed damages.

15. Plaintiff is not entitled to compensatory or punitive damages, attorneys fees, litigation expenses, court costs, or any other type of legal or equitable relief.

16. Defendant reserves the right to assert such other defenses as may become apparent through discovery and otherwise.

17. Defendant demands a jury trial.

18. Defendant designates Wichita, Kansas, as the place of trial.

Defendant respectfully requests that judgment be entered in his favor as to all of plaintiff's claims, for costs of this action, and for such other relief as the Court deems just and equitable.

**Fisher, Patterson, Sayler & Smith, LLP**
3550 S.W. 5th Street
Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fpsslaw.com | ksittenauer@fpsslaw.com

**s/David R. Cooper**
David R. Cooper                               #16690
Katherine E. Sittenauer                    #29903
**Attorneys for Defendant Dimarzo**

{T0482160}

## Certificate of Service

On May 24, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

I further certify that I caused the foregoing document to be mailed by first-class mail to the following non-CM/ECF participants:

Sean E. McDonald, #113183
Winfield Correctional Facility
LEGAL MAIL
1806 Pinecrest Circle
Winfield, KS 67156
*Pro Se* **Plaintiff**

<u>**s/David R. Cooper**</u>