IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SEAN E. MCDONALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-cv-3019-HLT-TJJ |
| | ) |
| GREGORY DIMARZO, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING PLAINTIFF'S MOTION
TO INCREASE MONETARY DAMAGES CLAIMS**

Plaintiff, who is incarcerated and proceeding *pro se,* filed this civil rights action under 42 U.S.C. § 1983, alleging Defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and requesting injunctive relief, compensatory damages of $15,000 to "cover the physical harm" to him, and declaratory relief.[1] This matter is before the Court on Plaintiff's Motion to Increase Monetary Damages Claims (ECF No. 33) in which he requests an order allowing him to "increase [his] monetary damages claims" against Defendant. More specifically, Plaintiff seeks to (1) add a request for punitive damages in the amount of $350,000, (2) increase his compensatory damage claim from $15,000 to $1.2 million, and (3) add a request for damages for "mental/emotional injury" in the amount of $1 million. Defendant did not file any response in opposition. For the reasons explained below, the Court grants the motion.

**I.   Request to Increase Amount of Compensatory Damages**

As an initial matter, the Court finds Plaintiff has already requested compensatory damages in his complaint and he does not need leave to increase the amount of damages claimed. In *Borders*

---

[1] Compl., ECF No. 1, at 4 and 6.

*v. Wine*,[2] the court found the *pro se* plaintiff's proposed motion to amend his complaint to increase the amount of damages sought in his federal question case was not necessary, noting the plaintiff could disclose the amount of the damages he was claiming during the discovery process. Like the *Borders* case, the Court finds Plaintiff can disclose the amount of compensatory damages he is claiming during the discovery process and his "computation of each category of damages claimed," as required by Fed. R. Civ. P. 26(a)(1)(iii). Although Plaintiff's motion to the extent it seeks to increase the amount of his compensatory damages claim is unnecessary, Plaintiff has disclosed these damages and the claimed amount so the Court will grant the motion.

## II.     Request to Add Claims for Punitive Damages and "Mental/Emotional Injury" Damages

Plaintiff also seeks to add a request for punitive damages and for "mental/emotional injury" damages. Plaintiff did not request either in his original complaint, he therefore must request and obtain leave to add his requests for punitive damages and damages for "mental/emotional injury." The Court construes this part of Plaintiff's motion as seeking leave to amend his complaint under Fed. R. Civ. P. 15(a)(2). Plaintiff timely filed his motion on September 3, 2024, before the September 13, 2024 deadline for the filing of any motion to amend the complaint or add parties, set by the Scheduling Order (ECF No. 22).

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that a party may amend a pleading "once as a matter of course" before trial if it does so within certain deadlines.[3] Other amendments are allowed "only with the opposing party's written

---

[2] No. 21-4036-DDC-ADM, 2021 WL 4453571, at *3 (D. Kan. Sept. 29, 2021) (the plaintiff sought to increase his damage claim from $500,000 to $1,000,000).

[3] *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

consent or the court's leave."[4] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires." Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[5] The court may however deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[6]

Although Plaintiff's motion fails to attach a proposed amended complaint as required by D. Kan. Rule 15.1(a)(2), the Court will not deny the motion without prejudice on this technicality. Plaintiff is proceeding *pro se* and his motion is not designated as a motion to amend. In addition, the nature of the amendment is limited to adding requests for punitive damages and for "mental/emotional injury" damages. A review of Plaintiff's complaint and motion reveals that he has made sufficient factual allegations that would support adding his requests for punitive damages and for "mental/emotional injury" damages.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Increase Monetary Damages Claims (ECF No. 33) is granted. Plaintiff's Complaint is deemed amended to (1) add a request for punitive damages in the amount of $350,000, (2) increase his compensatory damage amount from $15,000 to $1.2 million, and (3) add a request for damages for "mental/emotional injury" in the amount of $1 million. No filing of an amended complaint is required.

A paper copy of this Order will be mailed to Plaintiff with the Notice of Electronic Filing

---

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[6] *Id*. (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

(NEF) emailed to the Winfield KDOC email account.

**IT IS SO ORDERED**.

Dated September 30, 2024, in Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge