IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SEAN E. MCDONALD,

      Plaintiff,

      v.

GREG DIMARZO,

      Defendant.

Case No.  5:24-cv-03019-HLT

## MEMORANDUM AND ORDER

Plaintiff Sean E. McDonald acts pro se.[1] He is a former inmate at Larned State Correctional Facility (LSCF). Defendant Greg DiMarzo is a corrections officer at LSCF. Plaintiff sues Defendant under 42 U.S.C. § 1983 for allegedly violating his Eighth Amendment right against cruel and unusual punishment. Defendant moves for summary judgment and asserts qualified immunity among other arguments. Doc. 62. Because Plaintiff does not overcome either prong of qualified immunity, the Court grants Defendant's motion.

## I.    BACKGROUND[2]

Plaintiff is an inmate at a Kansas state prison. On October 30, 2023, Plaintiff was housed at LSCF, and Defendant was a corrections officer at that facility. That evening Defendant checked on Plaintiff multiple times. During a check at 10:03 P.M., Plaintiff asked Defendant if Plaintiff could speak with the nurse on duty because he was hearing voices and they were getting louder.

---

[1]    The Court is mindful of Plaintiff's pro se status and liberally construes his filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id.*

[2]    These facts are taken from the summary-judgment record and viewed in the light most favorable to Plaintiff. But the Court deems Defendant's facts admitted for purposes of summary judgment because Defendant's facts are supported by the record and because Plaintiff fails to properly controvert any of them as he has not responded to Defendant's summary judgment motion. *See Winter v. Mansfield*, 2022 WL 3652464, at *5-7 (10th Cir. 2022).

Plaintiff did not have a mental health crisis status at the time, and he told Defendant he did not want one. Defendant told Plaintiff that to see the facility's care provider, Plaintiff would need to submit a request for a sick call. Defendant left and checked on other inmates.

Defendant came back to check on Plaintiff at 10:32 P.M. Plaintiff again asked to see the nurse on duty, and Defendant again told Plaintiff that he would need to submit a sick call request before seeing the nurse. Defendant checked on Plaintiff several more times (e.g., 10:36 P.M.; 10:45 P.M.; 11:00 P.M.; 11:30 P.M.; 11:48 P.M.; and 12:00 A.M). Plaintiff never told Defendant that he was going to harm himself or that he was having suicidal ideations.

At 12:17 A.M. on October 31, an emergency medical code was called for Plaintiff. Plaintiff had cut his wrists with the blades in his safety razor. Plaintiff was rendered medical aid within minutes. Plaintiff was then taken from the infirmary and placed on Crisis Level 3. On November 9, LSCF released him from the infirmary and returned him to LCSF's general population without a crisis level.

Plaintiff filed a grievance under K.A.R. § 44-15-101 on November 14, 2023, in connection with the incident. Plaintiff also submitted a personal injury claim under K.A.R. § 44-16-101 the same day. Plaintiff's § 44-15-101 grievance was denied for having been submitted improperly. Plaintiff appealed the grievance's denial.

Plaintiff initiated the present lawsuit on February 5, 2024. Plaintiff claims that Defendant's response to his complaint that he was hearing voices violated his Eighth Amendment right against cruel and unusual punishment. Defendant moves for summary judgment and asserts qualified immunity. Plaintiff failed to respond to Defendant's motion.

## II.    LEGAL STANDARD

Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party

bears the initial burden of establishing the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to demonstrate that genuine issues remain for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In applying this standard, courts view the facts and any reasonable inferences in a light most favorable to the non-moving party. *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 569 (10th Cir. 1994). "An issue of material fact is genuine if a 'reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## III.    ANALYSIS[3]

Defendant is entitled qualified immunity. Qualified immunity is an affirmative defense to a § 1983 claim. The purpose of the defense is "to shield public officers from liability where a change in the law or enduring legal uncertainty makes it difficult for the officer to assess the lawfulness of the act in question before he does it." *Al-Turki v. Robinson*, 762 F.3d 1188, 1195 (10th Cir. 2014). Once a defendant raises a qualified immunity defense, it becomes the plaintiff's burden to show, in essence, an absence of uncertainty: He must show his constitutional rights were violated and that the nature of the violation was clearly established at the time. *Lindsey v. Hyler*, 918 F.3d 1109, 1113 (10th Cir. 2019). Because a plaintiff must show both prongs, a defendant is shielded from liability if either prong is missing. *See Rojas v. Anderson*, 727 F.3d 1000, 1002 (10th Cir. 2013).

---

[3] Defendant also raises a failure-to-exhaust defense under the PLRA. Defendant argues that Plaintiff's K.A.R. § 44-16-104a personal injury claim was untimely. The Court doesn't reach this argument because it concludes Defendant is entitled to summary judgment based on qualified immunity. But the Court does note that whether Plaintiff timely submitted or properly exhausted an Article 16 personal injury claim is beside the point for PLRA purposes. Only properly submitted and exhausted Article 15 (i.e., those brought under K.A.R. § 44-15-101 *et seq.*) grievances satisfy the PLRA. *See Brown v. Schnurr*, 2023 WL 5163987, at *3-5 (10th Cir. 2023). And, while it appears from the summary-judgment record that at least one such grievance was timely but improperly brought (and is therefore ultimately unlikely to have satisfied the PLRA's exhaustion requirement), Defendant doesn't argue this issue.

In this case, Plaintiff has not responded to Defendant's motion and has not even attempted to carry his burden. This is sufficient for Defendant to succeed on the defense. *Id.* at 1003-06 (explaining that the failure of the plaintiff to meaningfully attempt to "meet his heavy two-part burden" in response to a qualified immunity defense entitled the defendants to summary judgment). But even if it weren't enough, the Court can readily conclude that Defendant didn't violate Plaintiff's constitutional right (let alone a right that was clearly established).

Here, the alleged constitutional violation concerns the Eighth Amendment and its prohibition of cruel and unusual punishment. The Eighth Amendment obligates corrections officers and other prison officials to take reasonable steps to protect the safety and bodily integrity of prisoners. *Berry v. City of Muskogee, Okla.*, 900 F.2d 1489, 1499 (10th Cir. 1990). And this duty is violated if a prison official's delay in providing or a prison official's failure to provide medical care reflects a "deliberate indifference" to an inmate's serious medical needs. *Al-Turki*, 762 F.3d at 1193.

Deliberate indifference has a specific meaning in this context. It has both objective and subjective dimensions. *Estate of Burgaz by and through Zommer v. Bd. of Cnty. Comm'rs for Jefferson Cnty., Colo.*, 30 F.4th 1181, 1186 (10th Cir. 2022). Objectively speaking, a defendant exhibits deliberate indifference when he fails to address a medical condition that is so severe or obvious that even someone without medical knowledge would know treatment is required. *Al-Turki*, 762 F.3d at 1192-93. Subjectively speaking, the official must "know of and disregard an excessive risk of a [prisoner's] health or safety." *Burgaz*, 30 F.4th at 1186 (internal citations and quotation marks omitted). Which is to say, "[t]he official must both be <u>aware</u> of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also <u>draw the inference</u>." *Id.* (internal citations and quotation marks omitted). This requires more than mere

negligence: "An official's failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not a constitutional violation." *Id.* In addition, "even if a jail official has knowledge of a substantial risk of serious harm . . . he is not deliberately indifferent to that risk unless he is aware of and fails to take reasonable steps to alleviate that risk." *Id.* (internal citations and quotation marks omitted).

The Court concludes from the summary judgment record that even when the evidence is viewed in the light most favorable to Plaintiff, no reasonable jury could conclude that Defendant acted with deliberate indifference to Plaintiff's serious medical needs. The undisputed factual records shows that Plaintiff complained of hearing voices and asked to see a medical provider. Defendant told Plaintiff that he would need to follow a certain procedure for requesting a visit (i.e., request a sick call) and thereafter checked on him a couple of times. Plaintiff claims that Defendant's failure to do more was deliberately indifferent because he ended up attempting suicide an hour and a half after this initial visit.

The logic of Plaintiff's claim is ex post. That is, Plaintiff's claim's premise is that his medical condition when Defendant told him to request a sick call must have been sufficiently serious because he attempted suicide. But the problem with this is that whether Defendant was deliberately indifferent is analyzed ex ante. *Burgaz*, 30 F.4th at 1186. Plaintiff's attempted suicide doesn't change anything about what Defendant knew or understood or his attitude toward Plaintiff's need for medical treatment at the time Plaintiff asked Defendant to see the nurse on duty.  What Defendant knew was that Plaintiff was in some psychiatric distress. Plaintiff hadn't expressed an intention to harm himself or commit suicide. Plaintiff had simply claimed he was hearing voices. No reasonable jury could conclude based on this information that Defendant then acted with deliberate indifference toward Plaintiff.

Plaintiff cannot therefore show a violation of his Eighth Amendment rights. Moreover, even if he could, Plaintiff fails to show a violation of his clearly established rights. Defendant is entitled to qualified immunity. As the Court explains in footnote 3 above, because Defendant is entitled to qualified immunity, the Court does not reach Defendant's other arguments.

## IV.    CONCLUSION

Defendant is entitled to qualified immunity. Plaintiff has not demonstrated Defendant violated a clearly established Eighth Amendment right. The Court therefore grants Defendant's motion for summary judgment.

THE COURT THEREFORE ORDERS that Defendant's motion for summary judgment (Doc. 62) is GRANTED. The case is closed.

IT IS SO ORDERED.

Dated: July 16, 2025                                  /s/ *Holly L. Teeter*
                                                      HOLLY L. TEETER
                                                      UNITED STATES DISTRICT JUDGE